```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                    AT ROANOKE, VA
                                                         FILED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA     MAR 2 3 2006
                   ROANOKE DIVISION
                                                JOHN F. CORCORAN, CLERK
                                                BY:
                                                     DEPUTY CLERK
```

| | |
|---|---|
| **VINCENT PARKS,** ) | |
| Plaintiff, ) | Civil Action No. 7:06-CV-00131 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **BUREAU OF PRISONS,** ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff Vincent Parks, a federal inmate proceeding pro se, brings this action pursuant to the Privacy Act, 5 U.S.C. §§ 552a (e)(5), which requires agencies to maintain records used to make "determination[s] about any individual" accurately and completely. Parks claims that the Bureau of Prisons (BOP) has refused to amend his "files" to remove an allegedly inaccurate report of an escape attempt. Parks claims that this report has prejudiced his ability to gain a transfer to an institution close to his family and that it has hindered his visitations with family members because prison officials require him to wear excessive restraints. He seeks an injunction ordering the BOP to correct his file, as well as monetary damages pursuant to §§ 552a (g)(1)(C) and (g)(4).

The Privacy Act allows agency heads to promulgate rules exempting certain records from the requirements of the Act, see 5 U.S.C. §§ 552a (j), and the head of the BOP has promulgated regulations exempting inmates' "central records" from subsection (e)(5) of the Act. 28 C.F.R. § 16.97 (j). The report about which Parks complains would be a part of his "central record."[1] Thus, Parks has not stated a claim under the Privacy Act because the allegedly inaccurate record

---

[1] Parks is unclear as to exactly which set of BOP files he is challenging, using only the the term "files"; however, the "attempted escape" charge about which Parks complains would be a part of his "central record," as described in Privacy Act of 1974; Modified System of Records, 49 Fed. Reg. 23,711-02 (June 7, 1984).

is exempt from the Act. Accordingly, the court dismisses his suit pursuant to 28 U.S.C. 1915A for failure to state a claim for which the court may grant relief. See, e.g., Fisher v. Bureau of Prisons, 2006 WL 401819 (D.D.C.) (slip op.); Skinner v. United States Department of Justice, 2005 WL 1429255 (D.D.C.) (unpublished).

ENTER: This 23rd day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE